IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO.: 1:26-cv-00406

| | |
|---|---|
| LUTHER LINGLE III,<br><br>Plaintiff,<br><br>v.<br><br>ERIE INSURANCE COMPANY,<br><br>Defendant. | **NOTICE OF REMOVAL** |

Please take notice that Defendant, Erie Insurance Company ("Defendant"), by and through undersigned counsel, hereby removes this action from the Superior Court of Buncombe County, North Carolina to the United States District Court for the Western District of North Carolina, Asheville Division.

## Nature of the Action

1. On or about October 23, 2026, Plaintiff, LUTHER LINGLE III ("Plaintiff"), filed a complaint in the Superior Court of Buncombe County, North Carolina (Case File No.: 26CV007206-100) alleging, or attempting to allege, claims for breach of contract, violations of the Unfair and Deceptive Trade Practices Act, and, alternatively, bad faith refusal to pay insurance, against Defendant. *See* Plaintiff's Summons and Complaint, attached hereto as **"Exhibit A."**

2. This matter arises out of an insurance coverage dispute whereby Plaintiff made a claim for property damage under an insurance policy issued by Defendant. *See generally* **Ex. A**, Pl.'s Compl.

**Federal Jurisdiction Exists**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity exists among the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

4. Defendant was served with the Complaint through the North Carolina Department of Insurance, which accepted service on October 29, 2026.

5. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within 30 days of service of process on Defendant.

**Complete Diversity Between Plaintiff and Defendant Exists**

6. According to Plaintiff's Complaint, it appears Plaintiff is a citizen and resident of Buncombe County, North Carolina. *See* Compl. at ¶¶ 1-2.

7. Defendant is a corporation organized and existing under the laws of Pennsylvania. Defendant's principal place of business and its state of incorporation are located in Pennsylvania.

8. For diversity purposes, Plaintiff and Defendant are citizens of different states.

9. As required by 28 U.S.C. § 1332(a) and (c), complete diversity exists between the parties.

## **The Amount in Controversy Exceeds $75,000**

10. "The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *McCoy v. Erie Ins. Co.*, 147 F.Supp. 2d 481, 489 (S.D.W.Va. 2001). That is, "the pecuniary result ... which [a] judgment would produce." *Dixon v. Edwards,* 290 F.3d 699, 710 (4th Cir. 2002) (citation omitted).

11. In determining the amount the Complaint places in controversy, the Court is not required to leave its common sense behind. *See Carver v. Phoenix Ins. Co.*, 2012 U.S. Dist. LEXIS 57060 (M.D.N.C. 2012). Here, judicial experience and common sense permit the reasonable conclusion that more than $75,000 is at issue here.

12. Although the Complaint does not demand a specific sum, Plaintiff alleges that it suffered damages in "excess of Twenty-Five Thousand Dollars ($25,000.00). *See* Compl. at ¶ 4.

13. Additionally, Plaintiff asserts, or attempts to assert, a cause of action for alleged bad faith and violations of the Unfair and Deceptive Trade Practices Act. *See* Compl. at ¶¶ 26-38.

14. As a result of the cause of action for alleged violations of the Unfair and Deceptive Trade Practices Act, Plaintiff, if successful, would in theory be entitled to treble damages and attorney fees under N.C. Gen. Stat. §§ 75-16, 75-16.1 *See* Compl. at ¶¶ 19, 32, Prayer for Relief ¶¶ (a)–(c).

15. "Treble damages can be used to meet the amount-in-controversy requirement for federal court diversity jurisdiction" *See Withers v. BMW of N. Am.*, LLC,

560 F. Supp. 3d 1010, 1017 (W.D.N.C. 2021) (citing *Am–Rail Constr., Inc. v. A&K R.R. Materials, Inc.*, No. 1:16cv520, 2017 WL 414382, at *3 (M.D.N.C. Jan. 31, 2017)).

16. Plaintiff's purported estimate of the cost to repair and/or replace the damage, that is the subject of this dispute, totals FIFTY-THREE THOUSAND TEN and 46/100 DOLLARS ($53,010.46). *See* Complaint ¶12 and Exhibit C to Pl's Compl.

17. Trebled, Plaintiff's claimed damages total $159,031.38, more than twice the $75,000 jurisdictional threshold of 28 U.S.C. § 1332(a), exclusive of interest, costs, and any award of attorneys' fees.

18. While Defendant denies Plaintiff's allegations, Plaintiff's Complaint places these categories of damages at issue.

19. When actual, incidental, consequential, treble damages and attorney fees are alleged, Plaintiff's Complaint places more than $75,000.00 in controversy.

**Procedural Requirements Are Satisfied and This Removal is Proper**

20. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the state court action filed to date are attached hereto as **Exhibit A.**

21. All defendants are parties to this removal.

22. Venue is proper in this Court for this removed action pursuant to 28 U.S.C. § 1441(a) as the United States District Court for the Western District of North Carolina is located in the district and division of which the action is pending.

23. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Buncombe County, North Carolina.

## Conclusion

24. Because complete diversity of citizenship exists between the parties to this action and the amount in controversy exceeds $75,000, this action is properly removable.

25. By filing this Notice of Removal, Defendant does not waive any claims or defenses available to it.

26. Defendant hereby reserves the right to amend or supplement this Notice of Removal.

27. Defendant respectfully requests that this Court allow it the opportunity to brief and argue before this Court any issue or question concerning the removal of this case in the event that remand is sought by Plaintiff or otherwise considered by the Court.

WHEREFORE, Defendant, by and through undersigned counsel, hereby give notice that the above-entitled matter has been timely removed to this Court.

THIS THE 24TH DAY OF NOVEMBER, 2026.

MCANGUS GOUDELOCK & COURIE, PLLC

/s/JOHN E. SPAINHOUR
NC State Bar No: 28089
/s/VICTORIA Y. BICE
NC State Bar No. 62259
10 Brook Street, Suite #200
Asheville, NC 28803
**Mailing Address**: Post Office Box 30307
Charlotte, NC 28230
Phone: (828) 575-1900
Email: tori.bice@mgclaw.com
Email: jspainhour@mgclaw.com
*Attorney for Defendant Erie Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon all counsel of record by electronic mail via the Court's electronic filing system addressed as follows:

Email: jonmichael@propertypeoplelaw.com;
service@propertypeoplelaw.com
Email: danny@propertypeoplelaw.com
Jon Michael McNew
Daniel Ilani
The Property People
806 Green Valley Road, Suite 200
Greensboro, North Carolina 27408
*Attorney for Plaintiff Luther Lingle, III*

This the 24th day of November, 2026.

/s/JOHN E. SPAINHOUR